Abed **DAMAJ**, Plaintiff,

v.

**FARMERS INSURANCE COMPANY, INC., d/b/a Farmers Insurance Group of Companies**, Defendant.

No. 94–CV–531–H.

United States District Court, N.D. Oklahoma.

Dec. 27, 1995.

N. Franklyn Casey and Bruce A. McKenna, Casey, Jones & McKenna, P.C., Tulsa, OK, for plaintiff.

Ray H. Wilburn and Scott R. Taylor, Wilburn, Masterson & Smiling, Tulsa, OK, for defendant.

## *ORDER*

McCARTHY, United States Magistrate Judge.

Before the Court for decision is PLAINTIFF'S MOTION FOR ORDER DIRECTING COUNSEL TO CEASE OBSTRUCTIONIST TACTICS DURING ORAL DEPOSITIONS [Dkt. 40]. The Court has

reviewed all of the pleadings relating to this issue and heard argument of counsel concerning the same.

Plaintiff contends that counsel for Defendant have interposed numerous speaking objections which either suggest a response to the witness, or are unnecessarily disruptive of the oral deposition. Counsel for Defendant contend that the objections interposed were proper and that the comments of defense counsel were an attempt to assist Plaintiff's counsel by explaining the objection so that a more appropriate question could be asked and the objection thereby resolved.

The Court notes that in the deposition of Mr. Banks which consists of 102 pages, defense counsel interposes objections on 64 of those pages, many of the objections take up a good part, if not all, of the page in question. Thus, it would be fair to characterize Mr. Banks's deposition as primarily conversation and argument between counsel as opposed to a question and answer session between the deposing attorney and the witness. It is also fair to say Mr. Banks's deposition did not proceed pursuant to the requirement of Rule 30(c) that the examination and cross examination of witnesses proceed as *permitted at trial.* It is no stretch to conclude that the objections interposed at the deposition would not have occurred had the testimony been taken before a judge and jury at trial.

■■■ The Court's research produced the case of *Hall v. Clifton Precision,* 150 F.R.D. 525 (E.D.Pa.1993) which the Court finds to be particularly instructive. In *Hall,* the Court noted that the purpose of a deposition is to find out what the witness saw, heard and knows, or what the witness thinks, through a question and answer conversation between the deposing lawyer and the witness. Frequent and suggestive objections by

opposing counsel can, and oft times do, completely frustrate that objective. Additionally, suggestive objections by counsel can tend to obscure or alter the facts of the case and consequently frustrate the entire civil justice system's attempt to find the truth.[1]

This Court is particularly concerned about this truth altering aspect of the problem because the vast majority of the civil cases in this country are decided by way of settlements which are reached on the basis of "facts" developed during discovery, particularly oral depositions.[2] If the truth finding function of discovery has been obstructed by improper conduct of the attorneys, then the settlement will not reflect a just result based upon the truth.

The belief that the rules of evidence and procedure utilized by the courts during trial are the best means yet devised to ascertain the truth is central to our civil justice system. Since the fact (truth) finding process in civil litigation is almost exclusively conducted in the discovery phase of litigation, it follows logically that the efficacy of the discovery process as the central truth finding mechanism would be enhanced by employing, to the extent possible, the same rules of procedure during discovery as employed at trial. As stated in the Advisory Committee Notes to the 1993 Amendments to Rule 30, "In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer." Toward that end, the *Hall* Court imposed a series of stringent restrictions on the conduct of counsel at depositions. The restrictions included: a prohibition against counsel for the witness speaking with the witness once the deposition had started, even during recesses and evening breaks; a prohibition against discussions between counsel for the witness and the witness concerning documents presented

---

1. Regarding suggestive objections, the *Hall* Court wrote: "I also note that a favorite objection or interjection of lawyers is, 'I don't understand the question; therefore, the witness doesn't understand the question.' This is not a proper objection. If the witness needs clarification, the witness may ask the deposing lawyer for clarification. A lawyer's purported lack of understanding is not a proper reason to interrupt a deposition. In addition, counsel are not permitted to state on the record their interpretations of ques-

tions, since those interpretations are irrelevant and often suggestive of a particularly desired answer." *Hall* at 530, n. 10. The instant case presents the type of improper objections noted in *Hall.*

2. From October 1, 1994 to September 30, 1995, of the 1360 civil cases terminated in the Northern District of Oklahoma, only 33, or 2.4%, were terminated by jury or non-jury trial.

to the witness during the deposition prior to the witness answering questions concerning the documents; and, a prohibition against any suggestive conversation or comment by counsel for the witness.

On the record before this Court, the full range of *Hall* restrictions will not be imposed. However, the Court will impose the following requirements for the conduct of further depositions in this case:

1. At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarification, definition, or explanation of any words, questions or documents presented during the course of the deposition. The witness shall abide by these instructions;

2. All objections, except those which would be waived if not made at the deposition under F.R.Civ.P. 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion pursuant to F.R.Civ.P. 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of depositions.

3. Counsel shall not make objections or statements which might suggest an answer to a witness. Counsel's statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more. If the form of the question is objectionable, counsel should say nothing other than "object to the form of the question". Should deposing counsel desire clarification of the precise basis of the objection, that inquiry shall be made outside the presence of the witness.

4. Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss docu-

ments privately before the witness answers questions about them.

Plaintiff's request for a fee of not less than $1,000 to be assessed against Farmers in connection with the preparation of Plaintiff's motion is unsupported by citation to specific legal authority and documentation of the fees incurred. The Court therefore DENIES Plaintiff's application for fees in connection with the bringing of this motion.[3]

In sum, PLAINTIFF'S MOTION FOR ORDER DIRECTING COUNSEL TO CEASE OBSTRUCTIONIST TACTICS DURING ORAL DEPOSITIONS [Dkt. 40] is GRANTED and further depositions shall proceed in accordance with the instructions contained in this order. Plaintiff's application for fees is DENIED.

SO ORDERED.

---

3. The Court will consider a proper supplemental motion for fees should Plaintiff elect to file such a motion.