McDonough v. Keniston, et al.          CV-96-586-B    11/03/98

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


Martin A. McDonough

      v.                                    Civil No. 96-586-B

Carlene Keniston, Joseph Keniston,
Caroline Douglas, Esq.,
Charles G. Douglas, III, Esquire,
Douglas and Douglas


**O R D E R**

      Defendants, Charles G. Douglas, III and Douglas and Douglas move for an order to reconvene the deposition of Martin A. McDonough, to compel answers to certain questions at that deposition and for sanctions.  Defendant Caroline Douglas joined in the motion.  Defendants charge that plaintiff's counsel improperly interrupted plaintiff's testimony, interjected speaking objections suggesting responses and improperly instructed the witness not to answer questions, all in violation of Local Rule 39.1(a)(3) and Fed. R. Civ. P. 30(c) and (d)(1).  Plaintiff's counsel objects, stating that the questions at issue were objectionable under Fed. R. Civ. P. 30(d)(1) and were an honest attempt to limit questioning under the principles of Fed. R. Civ. P. 30(d)(3).

Discussion

      Prior to the 1993 Amendments to Rule 30(d) the Federal Rules of Civil Procedure did not contain specific limitations on the

conduct of lawyers during depositions.  In his concurrence with the Supreme Court's opinion in <u>Herbert v. Lando</u>, a case involving a 26 volume, 3,000 page deposition taken intermittently over a year, Justice Powell noted that "discovery techniques and tactics have become a highly developed litigation art - one not infrequently exploited to the disadvantage of justice."  441 U.S. 153, 179 (1979).  By the early 90's reports in the Second and Seventh Circuit flatly stated that methods of taking and defending depositions were "exercises in competitive obstructionism"[1] and "abusive and unethical."[2]  Improper directions not to answer, suggestive or coaching objections, and "conferences" with the deponent were the primary evils addressed. Multiple and/or unnecessary objections, statements such as "if you remember," "if you understand", etc., prolonged depositions and abusive and harassing deposition questioning were among the other deposition tactics in use.

Based upon several comments from several members of the bar at a recent Federal Court seminar as well as a review of the deposition at issue it is clear to me that not all members of the trial bar are aware of the 1993 changes to the Federal Rules

_____

[1]"A Report On The Conduct of Depositions", 131 F.R.D. 613 (1990).

[2]"Interim Report of The Committee on Civility of the Seventh Federal Judicial Circuit," 143 F.R.D. 371, 388 (1991).

which were intended, at least in part, to deal with deposition abuse.

1.    <u>No Coaching Nor Speaking Objections</u>

In 1993 the following language was added to Rule 30(d) as the first sentence of (d)(1):

> Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner.

This amendment according to the 1993 advisory committee notes was intended to curtail lengthy objections and colloquy which often suggested how deponents should answer. Fed. R. Civ. P. 30(d). Advisory committee's note to the 1993 Amendments (hereafter "Rule 30(d) advisory note."). Under Rule 30(d)(1) "(c)ounsel's statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more. <u>Damaj v. Farmers Ins. Co.</u>, 164 F.R.D. 559, 561 (N.D. Okla. 1995).

"In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer." Rule 30(d) advisory notes. Except as to Fed. R. Evid. 103 and 615 a deposition examination is to proceed as permitted at trial. Fed. R. Civ. P. 30(c). In this jurisdiction, at trial, in ". . . stating an objection, counsel shall state only the basis of the objection (e.g. "leading," or "nonresponsive," or "hearsay"). Under no circumstances shall

3

counsel elaborate or present an argument or make reference to other evidence unless the court so requests."  Local Rule 39.1(a).

Speaking objections and coaching objections are simply not permitted in depositions in federal cases.

2.   Instructions Not to Answer

The second sentence of new paragraph (1) of Rule 30(d) permits instructions not to answer "only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3)."  The remedy for oppressive, annoying and improper deposition questioning is not to simply instruct the deponent not to answer, but rather, it also requires suspending the deposition and filing a motion under Rule 30(d)(3).

Counsel's Objections

During his client's deposition plaintiff's counsel repeatedly violated Rule 30(d).  In particular, pages 93-107, 113-114, 119-122, 138-139, 162, 183-185 of Exh. A to document 85 contain classic examples of witness coaching, speaking objections and improper instructions not to answer.  In his objection plaintiff's counsel has attempted to justify his conduct by recharacterizing the objections as justified by attacking defense

4

counsel for berating plaintiff, and for being argumentative, sarcastic, oppressive and hostile.  He justifies his conduct as "an honest attempt by deponent's attorney to limit the questioning . . . under . . . Rule 30(d)(3)."  The objection is disingenuous at best.

A few examples demonstrate the impropriety of counsel's conduct.

a.    <u>Speaking-coaching objections</u>.

P.93 Q.    . . . why don't you do your best to tell me what you say he did wrong?

Mr. Grabois: I think that's a very broad, broad question.  I think it's too broad to be answered.  It calls for legal characterizations.  He had no connection, he had no contact directly with Chuck Douglas except for one hearing and –

p.95 Q.    . . . Can you tell me anything that you say Mr. Douglas did wrong that caused you to sue him?

Mr. Grabois: Well, he read the deposition of

Mr. Wheat: Wait a minute.

Mr. Grabois: – Carlene Keniston, that states it right there.

The effectiveness of this coaching is clearly demonstrated when the plaintiff subsequently adopts his lawyer's coaching and complains of the broadness of the question (Exh. A. p.105, line 21) and answers referencing the Keniston deposition (Exh. A,

5

p.102, line 15).  Apparently encouraged by the effectiveness of his suggestive objections, plaintiff's counsel continued his antics.

> p.106    Mr. Grabois: There might be other things.  There might be things like lying in lawsuits, like misrepresenting facts to the court.  I –
>
> Mr. Wheat: You're not supposed to suggest an answer, it's specifically prohibited by the Federal Rules of Civil Procedure.

Despite this specific and correct reference to the prohibition against suggesting answers, plaintiff's counsel persisted.

> p.138    Mr. Grabois: You asked him if he had a custom and practice to read it and he –
>
> Mr. Wheat: Please.
>
> Mr. Grabois:  – explained it and that's what he testified to.
>
> p.183    Mr. Grabois: I don't know that the deposition was taken when those supplemental answers were provided.
>
> Mr. Wheat: I'm not asking you.  I'm not asking you, I'm asking him.

Defense counsel had enough and suspended the deposition.

b.    <u>Improper instructions not to answer</u>.

> p.94    Mr. Grabois: I'm going to direct him not to answer that.
>
> Mr. Wheat: On what basis?
>
> Mr. Grabois: That's too broad of a question.

6

>     Mr. Wheat: You have no right to
>     instruct him on that basis.
>
>     Mr. Grabois: It's the form of the
>     question.

Counsel finally stumbled into an attorney-client objection, but subsequently reverted to other improper instructions not to answer.

>     p.100     Mr. Grabois: I think this is just
>               harassing him.  I direct him not to
>               answer.

The instruction was not accompanied by any Rule 30(d)(3) action. After a page of colloquy during which Mr. Grabois coaches his client thoroughly (p.101, lines 11-14), the client is permitted to answer.  Not satisfied with improper instructions based upon breadth of question, form of the question, and harassment, counsel tried a new basis.

>     p.104     Mr. Grabois: Objection; asked and
>               answered.
>
>                     *   *   *
>               I direct you not to answer.
>
>     p.113     Mr. Grabois: Objection; asked and
>               answered numerous times.  I direct you
>               not to answer.
>
>               Mr. Wheat: You've got to be kidding
>               me.

Unfortunately Mr. Grabois wasn't kidding.  Neither will this court.

The conduct of plaintiff's counsel throughout at least one-

7

third of the deposition was flagrantly improper and in direct contravention of Rule 30.

1. The "Motion to Compel Answers . . . and For Sanctions" (document no. 85) is granted.

2. In a continued deposition plaintiff is to respond to the questions identified in the motion to compel, any reasonable follow up questions, and questions not completed by defense counsel.

3. The continued deposition of plaintiff is to be scheduled at a time when I am available by telephone to rule on any disputes that may arise during the taking of the deposition.

4. Local counsel is ordered to be present for the deposition.

5. Within fourteen (14) days of the taking of the deposition as directed in ¶ 2 above, counsel for both Charles Douglas and Douglas and Douglas and Caroline Douglas shall submit to me, and serve upon Attorney Grabois, a statement of the costs they incurred to take both the suspended and the continued deposition of plaintiff including the court reporter's fee, transcription fees and their attorney's fees related to the actual taking of the deposition, but not any pre-deposition preparation. Mr. Grabois will then have fourteen (14) days in which to show cause why he should not be required to pay these

costs as a sanction for the violations I have found.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

November 3, 1998

cc:  James H. Moir, Esq.
     Marshall L. Grabois, Esq.
     Mark L. Mallory, Esq.
     Cheryl M. Hieber, Esq.
     James C. Wheat, Esq.