USA v. Kattar                    CV-95-221-JD  08/19/99  P

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

          v.                              Civ. No. 95-221-JD

George T. Kattar, et al.


O R D E R


     The United States of America ("government"), brought this
action against George T. Kattar, Phyllis Kattar, Personally and
as Trustee, Mary Abdoo, Trustee, George P. Kattar, Trustee, Kevin
Kattar, Trustee, the Seven Children Trust, and the Town of
Meredith, seeking to reduce to judgment certain assessments of
tax liabilities made by the Internal Revenue Service.  Before the
court is the government's motion for default judgment (document
no. 88).  The factual background of this case is set forth in an
order issued this date on the government's motion for summary
judgment.


Discussion

     The government seeks to invoke the inherent power of the
court to manage judicial proceedings, and argues that default
judgment is warranted against the defendants because they have
allegedly engaged in wrongful, dishonest, and dilatory discovery

practices.[1]  Specifically, the government argues that the defendants have breached their responsibilities under Federal Rules of Civil Procedure 26(g)(1), 33(b) and 34, which govern certification of disclosures, answers to interrogatories, and document production.  The government further asserts that the defendants proffered false evidence and theories, and have falsely designated an expert witness.  Finally, the government premises its motion upon allegedly inappropriate conduct at depositions.

A district court has inherent power to dismiss an action or impose lesser sanctions where there have been egregious violations of the legal process.  See Aoude v. Mobile Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989).  However, "there are limits to a court's inherent powers, particularly in instances where the Civil Rules are on all fours."  United States v. One 1987 BMW 325, 985 F.2d 655, 661 (1st Cir. 1993).  Where the Federal Rules of Civil Procedure provide a mechanism or procedure for addressing discovery violations, those procedures must be followed.  See id. at 660-61.  Similarly, if "the Civil Rules limit the nature of the sanction that can be imposed, a court may not use its inherent powers to circumvent the Rules' specific provisions."  Id. at 661.  Because of the necessity of reviewing each type of alleged discovery transgression in the context of the applicable Federal Rule of Civil Procedure, the court will

---

[1]The government also seeks an award of litigation expenses against defense counsel as discussed further below.

give separate consideration to each of the allegations set forth in the government's motion.

Interrogatories

The government first premises its motion upon the defendants' alleged failure to respond fully and non-evasively to interrogatories , citing Federal Rule of Civil Procedure 33(b). Rule 33(b) governs answers to interrogatories and delineates procedures by which an answering party may object to interrogatories. Where the party serving the interrogatory is dissatisfied by the answers received, the "party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory." Fed. R. Civ. P. at 33(b) (West 1999).[2]

Rule 37(a) provides that a "party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery . . . ." Fed. R. Civ. P. 37(a) (West 1999). Sanctions are available under Rule 37(a)(4), titled "Expenses and Sanctions," although they only provide for the imposition of costs and reasonable attorney's fees. See Fed. R. Civ. P. 37(a)(4) (West 1999). However, "Rule 37 is progressive." R.W. Int'l Corp. v. Welch Foods, Inc., 937

---

[2]Rule 37(a)(3) provides "[f]or purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3) (West 1999).

F.2d 11, 15 (1st Cir. 1991). "If an order to answer is issued under Rule 37(a), and then disobeyed, Rule 37(b)(2) comes into play, authorizing the trial court to impose further sanctions, including the ultimate sanction of dismissal." Id.

The First Circuit has stated that the "rule's language clearly requires two things as conditions precedent to engaging the gears of the rule's sanction machinery: a court order must be in effect, and then must be violated, before the enumerated sanctions [of Rule 37(b)] can be imposed." Id., 937 F.2d at 15. "Once the [discovering party] eschew[s] the essential interim step exemplified by Rule 37(a), the gateway to utilizing Rule 37(b)(2) . . . [i]s blocked." Id. at 16 (where party refused to answer deposition questions). In such circumstances a "district court [lacks] legal authority to dismiss the case under the latter rule based on [a party's] recalcitrance." Id.

In the case at hand, the government never moved for an order compelling the discovery requested. The interim step provided for by Rule 37(a) was never taken. Therefore, the court lacks the authority to enter a default judgment as a sanction allowed by Rule 37(b)(2)(C). See Fed. R. Civ. P. 37(b)(2) (West 1999).

Document Production

The government similarly argues that default judgment is warranted because the defendants have violated their duty to produce documents under Rule 34. Rule 34 governs the production of documents and pursuant to Rule 34(b), captioned "Procedure," a

4

party aggrieved by another's failure to comply with the requirements of Rule 34 may "move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested." Fed. R. Civ. P. 34 (West 1999). The First Circuit has stated that Rule 34's reference to Rule 37 "of course, necessarily incorporates the preconditions already described as a prelude to Rule 37(b)(2) sanctions." R.W. Int'l, 937 F.2d 11 at 18. Again, the government never filed a motion to compel the desired discovery and the court lacks authority to issue a default judgment.

Fabricated Evidence, False Theories and False Witnesses

The government further asserts that the defendants fabricated evidence by providing an estimate of the Kattars' net worth which included the value of a painting the Kattars did not in fact own on the dates in question. Moreover, the government avers that the defendants and their counsel offered false theories and falsely designated witnesses.

The court cannot conclude on this record that the defendants intended to fabricate evidence regarding Phyllis Kattars' solvency by providing the government with the 1987 insurance appraisal of the contents of Clovelly, a New Hampshire residence. The appraisal included a very large number of items, of which the painting was only one. Nor can the court conclude that the subsequent retrospective appraisal intentionally included the

5

painting. The retrospective appraisal of the value of Clovelly's contents in 1972 was a generalized appraisal which simply reduced the value of all the contents by fifty percent of their 1987 value. Under the circumstances presented, it is just as likely that the defendants inadvertently included the painting in the valuations as it is that they intentionally included it.

Nor is default judgment warranted on this record simply because the defendants considered using the contents of Clovelly as a basis for arguing Phyllis Kattar's solvency in 1972. Moreover, as the defendants point out in their objection to the government's motion for default judgment, they in fact do not use the contents of Clovelly as a means of establishing Phyllis Kattar's net worth. Finally, there is conflicting evidence regarding Judy Davis's willingness to function as a witness on behalf of the defendants, and on the present record her refusal to do so could just as well be attributed to a change of heart on her part.

Disclosure

The government argues that default judgment is appropriate because of alleged violations of Rule 26(g)(1). Rule 26(g)(1) requires attorneys to certify that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, required disclosures are complete. See Fed. R. Civ. P. 26(g)(1). Under Rule 26(g)(3), which provides the remedy for a violation of 26(g)(1), where a certification is made in violation

6

of the rule without substantial justification, the court "shall impose upon the person who made the certification," or "the party on whose behalf the disclosure" is made, an appropriate sanction including "reasonable expenses incurred because of the violation," and reasonable attorney's fees.

The defendants have argued, <u>inter alia</u>, that the documents and other discoverable materials were difficult to locate given the time span involved and the numerous participants.  At this time and on the present record, the court cannot conclude that disclosures were wrongfully certified without substantial justification.  Furthermore, the government has moved for the ultimate sanction of default judgment and all litigation expenses, which is not warranted on the present record.

This is not to say, however, that the government is left without remedy if the defendants have indeed failed to adequately disclose appropriate documents and other relevant materials.[3]

Rule 37(c) provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c) (West 1999).  The exclusion of evidence is an automatic sanction and is not dependent upon the prior filing

---

[3]Although the government refers to Rule 26(g)(1), which controls certification of disclosures, the government's reliance on Rule 26(g)(1) may be understood as an assertion of incomplete disclosure by the defendants of matters required to be disclosed by Federal Rule of Civil Procedure 26(a).

of a motion under Rule 37(a).  <u>See, e.g.</u>, <u>Miksis v. Howard</u>, 106

F.3d 754, 760 (7th Cir. 1997) ("This sanction is automatic and

mandatory unless the party can show the violation was either

justified or harmless.") (citations and quotations omitted).

Furthermore, 37(c) also provides that

> In addition to or in lieu of [the exclusionary]
> sanction, the court, on motion and after affording an
> opportunity to be heard, may impose other appropriate
> sanctions.  In addition to requiring payment of
> reasonable expenses, including attorney's fees, caused
> by the failure, these sanctions may include any of the
> actions authorized under subparagraphs (A), (B), and
> (C) of subdivision (b)(2) of this rule and may include
> informing the jury of the failure to make the
> disclosure.

Fed. R. Civ. P. 37(c) (West 1999).  The final resolution of this

issue will therefore have to await trial.  Defendants and their

counsel are placed on notice that the court is prepared to impose

Rule 37(c) sanctions under appropriate circumstances during the

course of the trial, and that to the extent the progress of the

trial is delayed by the need to resolve such issues, appropriate

additional sanctions will be imposed against the defendants and

their counsel.


<u>Depositions</u>

Finally, the government bases its motion upon alleged

discovery violations during depositions.  Although Rule 30

governs depositions generally, Rule 37(a)(2)(B) controls

situations where a deponent refuses to answer deposition

questions.  "If a deponent fails to answer a question propounded

or submitted under Rule[] 30 . . . the discovering party may move

8

for an order compelling an answer." Fed. R. Civ. P. 37(a)(2)(B) (West 1999). The "proponent of the question may complete or adjourn the examination before applying for an order." Id. Again, it is when a party "fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . [that] the court in which the action is pending may make such orders in regard to the failure as are just," including resort to the sanctions listed in Rule 37(b). Fed. R. Civ. P. 37(b)(2) (West 1999).

Once again, the government never moved for a Rule 37(a) order in this regard, nor is the court's general denial of the defendants' motion for a protective order "a suitable surrogate for a Rule 37(a) order." R.W. Int'l Corp., 937 F.2d at 16 (1991).

In this case, however, the government also premises its motion upon defense counsel's conduct during the depositions.[4] Federal Rule of Civil Procedure 30(c), governing among other things examination, cross examination, and objections, provides:

> Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615. . . . All objections made at the time of the examination to the qualifications of the officer taking the deposition, to the manner of taking it, to the evidence presented, to the conduct of any party, or to any other aspect of the proceedings shall be noted by the officer upon the record of the deposition; but the examination shall proceed, with the testimony being

---

[4]As to the government's request for an award of litigation expenses against defense counsel, the court has already addressed, supra, the governments' accusations of falsified evidence, theories, and witnesses, and incomplete disclosures.

taken subject to the objections.

Fed. R. Civ. P. 30(c) (West 1999). Furthermore, Rule 30(d) explicitly provides that:

> Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner. <u>A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3).</u>

Fed. R. Civ. P. 30(d)(1) (West 1999) (emphasis added). Under Rule 30, therefore, "a deposition should be conducted just as though the witness were testifying at trial, with the exception that there is no judge there to rule on objections or admissibility and others may not be precluded from sitting in on the deposition." <u>In re Stratosphere Corp. Sec. Litig.</u>, 182 F.R.D. 614, 620 (D. Nev. 1998); <u>Odone v. Croda Int'l PLC</u>, 170 F.R.D. 66, 67 (D.D.C. 1997); <u>Damaj v. Farmers Ins. Co.</u>, 164 F.R.D. 559, 560 (N.D. Okl. 1995); <u>see also</u>, <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525 (E.D. Pa. 1993).

The Advisory Committee Notes to the 1993 Amendments for Rules 30(c) and (d) state that they were "aimed at reducing the number of interruptions during depositions," and intended to rectify past experience where "[d]epositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond . . . . [Furthermore] [d]irections to a deponent not to answer a question can be even more disruptive than objections."

10

Fed. R. Civ. P. 30 1993 Advisory Committee Notes (West 1999).  As the Damaj court noted, the purpose of depositions is to determine what the witness saw, heard, knew and thought "through a question and answer conversation between the deposing lawyer and the witness."  See Damaj, 164 F.R.D. at 560.  "Frequent and suggestive objections" can "completely frustrate that objective" and "obscure or alter the facts of the case and consequently frustrate the entire civil justice system's attempt to find the truth."  Id.

Pursuant to Rule 30(d)(2), a court shall allow additional time for depositions "if needed for a fair examination of the deponent or if the deponent or another party impedes or delays the examination."  Fed. R. Civ. P. 30(d)(2) (West 1999).  If the court finds that such an impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof."  Id.

The court has reviewed attorney Mooney's conduct during the depositions of the defendants and their witnesses.  The record before the court establishes that attorney Mooney's deposition conduct was in clear violation of Federal Rule of Civil Procedure 30.  He repeatedly counseled witnesses not to answer questions on grounds not appropriate under Rule 30, see, e.g., James Kattar Dep. Vol. II at 4-21, 28-30, 31, 32, 33, 34, 36; Kevin Kattar Dep. Vol. IV at 19, 39, 40, 41, 42, 43, 53, 54, 76, 77, 78, 89,

11

91, 92, 100, 113; George T. Kattar Dep. Vol. IV at 32; George P. Kattar Dep. Vol. II, at 35, 36, 39, 40, 102, 105, 106, 107, 108, 115, 117, 121, 125, 126, 127, 128;[5] made argumentative and/or suggestive objections, see, e.g., Phyllis Kattar Dep. Vol. I at 51-52, 69-71, 117; and abruptly interrupted depositions at unscheduled times, leaving the room with deponents, see, e.g., Kevin Kattar Dep. Vol. IV at 17; Phyllis Kattar Dep. Vol. I at 53-54; George T. Kattar Dep. Vol. IV at 39-40. This list of inappropriate conduct is by no means exclusive. Attorney Mooney persisted in this conduct even after opposing counsel cited the Federal Rules of Civil Procedure to him and provided him with persuasive case law interpreting the Rules. See, e.g., James Kattar Dep. Vol. II at 4-6. The court finds that such conduct on the part of attorney Mooney was unreasonable and in bad faith. The record reflects attorney Mooney's disdain for proper deposition procedure and an apparent intent to obstruct and frustrate the government's efforts to successfully elicit facts and testimony from witnesses.

The government moves for default judgment and seeks an award of litigation expenses including attorneys fees. As discussed above, however, the ultimate sanction of default would be inappropriate and unwarranted under the circumstances of this case. This is not a situation where the defendants should have to bear the ultimate sanction because of the conduct of their

---

[5]A number of these questions were eventually answered despite the instruction.

attorney.  Other remedies reflecting a more measured response must be considered.

Attorney Mooney's conduct clearly impeded and delayed the government's deposition of witnesses and interfered with the search for the truth, which, after all, is the ultimate goal of both the discovery and trial process.  Furthermore, the court finds it highly probable that attorney Mooney successfully frustrated the government's capacity to achieve a fair examination of the deponents.  In crafting a remedy, the court is mindful of the truth seeking function of the civil justice system, the strong likelihood that attorney Mooney has successfully interfered with this function, and the importance of deterring such conduct in the future.

Therefore, the court finds that additional time is warranted and necessary for the government to conduct a fair examination of certain witnesses, if it elects to do so.[6]  See Fed. R. Civ. P. 30(d).  Moreover, the court concludes that because attorney Mooney's conduct has frustrated the fair examination of witnesses in this case, reasonable costs and attorney's fees incurred by the government in re-deposing any witness are to be borne by attorney Mooney personally, and not by the defendants.  See id.  Should the government seek to re-depose any witness pursuant to this order, it shall notify defense counsel and the court as

---

[6]The government only identifies specific instances of violations during the depositions of James, Kevin, George P. and Phyllis Kattar, although the court also notes the transgression in George T. Kattar's deposition.  The court's order is therefore limited to these five deponents.

13

indicated below.

Such depositions are to be conducted in accordance with Federal Rule of Civil Procedure 30. All depositions are to be held from 9:30 a.m. until 5:30 p.m. with a one hour lunch break and one 15-minute break in the morning and afternoon sessions, subject to reasonable modifications for health, physical, or transportation reasons. Objections are to be stated concisely, in a non-argumentative, non-suggestive manner. See id.; In re Stratosphere Corp., 182 F.R.D. at 622. "A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3) [of Rule 30(d)]." Fed. R. Civ. P. 30(d) (West 1999). In such circumstances counsel shall succinctly state the reason for the objection and the specific question or part thereof which is objected to. Except as permitted in Rule 30(d)(1), neither deponent's counsel nor the deponent may interrupt the deposition when a question is pending or a document is being reviewed. Otherwise, the depositions are to be conducted in full compliance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

The defendants and attorney Mooney are placed on notice that a court order compelling deposition testimony in accordance with the aforementioned criteria and the Federal Rules of Civil Procedure is now extant. Violations of this order may well implicate Rule 37(b) and the sanctions provided therein,

14

including the entry of a default judgment.

Conclusion

In light of the above discussion, the court denies the government's motion for default judgment and its request for litigation expenses, including attorney's fees (document no. 88). However, if the government elects to do so it may re-depose one or more of the following witnesses: George T. Kattar, George P. Kattar, Phyllis Kattar, James Kattar, and Kevin Kattar. Attorney's fees and costs incurred in taking any deposition shall be borne by attorney Mooney, personally, and not by the defendants. Such election to re-depose must be made, and the court and counsel notified thereof, by September 15, 1999. Depositions must be completed by October 15, 1999. No extensions of these deadlines will be granted absent extraordinary circumstances.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

August 19, 1999

cc:  George P. Eliopoulos, Esquire
     Albert F. Cullen, Jr., Esquire
     Steven M. Gordon, Esquire
     Janice E. McLaughlin, Esquire
     Philip T. McLaughlin, Esquire
     Richard C. Mooney, Esquire