James FONDREN and Sylvia Fondren, Plaintiffs,

v.

REPUBLIC AMERICAN LIFE INSURANCE COMPANY, a foreign insurance company, and Richard B. O'Cain a/k/a Bo Cain, an individual, Defendants.

No. 99–CV–565K (M).

United States District Court, N.D. Oklahoma.

Sept. 30, 1999.

598

Michael Pearce Atkinson, James N. Edmons, Margaret Mary Clarke, Atkinson, Haskins, Nellis, Boudreaux, Holeman, Phipps, Tulsa, OK, for plaintiffs.

Ronald Allen White, Marshall James Wells, Hall Estill Hardwick Gable Golden & Nelson, Tulsa, OK, John L. Malesovas, Malesovas, Martin & Tekell, LLP, Waco, TX, for defendants.

## *ORDER*

McCARTHY, United States Magistrate Judge.

Plaintiffs' Motion to Compel Answers to Certified Deposition Questions, and Motion for Costs, Attorney's Fees and Sanctions [Dkt. 14] is before the undersigned United States Magistrate Judge for resolution.

The dispute before the court concerns the deposition of Defendant Republic American Life Insurance Company's vice president, Carl E. Moseley, which was conducted in Dallas, Texas on June 26, 1999.[1] During the

---

1. The court is satisfied that, although the deposition of a Texas resident was taken in Dallas, Texas, this court has jurisdiction to decide Plaintiff's motion. The deponent, Mr. Moseley, is an officer (vice president) of the Defendant corporation, a member of the board of directors, and was designated to testify as the Fed.R.Civ.P. 30(b)(6) representative of Defendant Republic American Life Insurance Company. Fed. R.Civ.P. 37(a)(1).

deposition, counsel for Defendant Republic instructed Mr. Moseley not to answer a number of questions posed by Plaintiffs' counsel. Plaintiffs seek an order compelling Mr. Moseley to provide responsive answers to the questions and to fully and responsively answer reasonable follow-up questioning. Plaintiffs also seek: an order directing counsel for Defendant Republic to cease obstructionist tactics; reasonable costs and attorneys fees under Fed.R.Civ.P. 37(a)(4); and a sanction in an amount sufficient to deter similar conduct in the future.

Defendant Republic responds that the instruction to the witness not to answer Plaintiffs' questions was justified because some of the information sought was protected under the "party communication privilege" and because Plaintiffs' counsel: "conducted himself in a manner that can only be described as rude, harassing, unprofessional, and abusive." [Dkt. 19, p. 2]. Defendant Republic asserts that instructing the witness not to answer was appropriate because: "Mr. Atkinson [plaintiffs' attorney] was at times yelling at Moseley to answer questions in his preferred fashion, rather than accepting the truthful and concise answers previously provided by Moseley." *Id.* at 3. Defendant Republic further argues that sanctions are unavailable because Republic has not violated any prior court order and that reasonable expenses, including attorneys fees, are unavailable because Plaintiffs failed to attempt to obtain the information without court action.

## I. General Deposition Rules

The rules governing the conduct of depositions are clearly set forth in the Federal Rules of Civil Procedure. As applicable to the current motion, the rules provide:

> Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615.
>
> \* \* \* \* \* \*

All objections made at the time of the examination to the qualifications of the officer taking the deposition, to the manner of taking it, to the evidence presented, to the conduct of any party, or to any other aspect of the proceedings shall be noted by the officer upon the record of the deposition; but the examination shall proceed, with the testimony being taken subject to the objections.

Fed.R.Civ.P. 30(c).

> Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3).

Fed.R.Civ.P. 30(d)(1).

## II. Defendant's Attorney's Instruction to the Witness Not to Answer

### (A) "Party communication privilege"

The witness, Mr. Moseley, was asked to relate his conversation with Republic president, Steve Meziere, concerning his subpoena and upcoming deposition. Counsel for Republic asserted a "party communication privilege" and instructed Mr. Moseley not to answer. Fed.R.Civ.P. 30(d)(1) permits an attorney to instruct a deponent not to answer a question to preserve a privilege. Republic's attorney acted properly in instructing the witness not to answer on this basis. Therefore the court will consider the merits of Republic's objection to this line of inquiry.

■ A party asserting a privilege, here Republic,[2] has the burden of demonstrating that the privilege is applicable. *Barclaysamerican Corporation v. Kane,* 746 F.2d 653, 655 (10th Cir.1984). Although the "party communication privilege" is apparently recognized in Texas, Republic has not demonstrated that the privilege is applicable to this case. This is a diversity action in which a Texas corporation doing business in Oklahoma is sued by an Oklahoma resident. The

---

**2.** The privilege asserted is one which belongs to the corporation. It is not one which is personal to the deponent.

law of the forum state, Oklahoma, supplies the rule of decision. Pursuant to Fed. R.Evid. 501, privileges in this case are to be determined according to state law, and Oklahoma does not recognize a "party communication privilege." Okla.Stat. tit. 12 § 2501. The court finds, therefore, that there is no "party communication privilege" applicable to this lawsuit. When Mr. Moseley's deposition is re-convened he is required to answer questions about his conversations with Mr. Meziere.

### (B) "Repetitious, Harassing and Argumentative Deposition Questions"

■ Fed.R.Civ.P. 30(d)(1) does not permit an attorney to instruct a witness not to answer repetitious, harassing or argumentative deposition questions except to present a motion under Fed.R.Civ.P. 30(d)(3). Republic's attorney did not instruct the witness not to answer in order to present a motion under Rule 30(d)(3). Therefore, the court concludes that the instruction not to answer was improper. The witness was required to respond to the questions subject to the objection posed by Republic's attorney. Fed. R.Civ.P. 30(c).

Republic's assertion that "A Court order of protection during the deposition is *not* a sole avenue of relief for a party subject to harassing, embarrassing, annoying, or bad faith conduct from the deposing party" [Dkt. 19, p. 5] finds no support in the text of the Federal Rules of Civil Procedure. Republic's citation of *Riddell Sports, Inc. v. Brooks*, 158 F.R.D. 555 (S.D.N.Y.1994) as authority for this proposition is unpersuasive. The *Riddell* Court merely noted the existence of some debate as to the proper avenue for obtaining court review, it did not approve of the practice of refusing to answer deposition questions which has the effect of forcing the opposing side to seek court intervention. In fact, the *Riddell* Court cited a number of cases which hold that court ordered protection *is* the sole avenue for relief from such deposition conduct. *Id.* at 558.

Regardless of the existence of debate over the proper avenue for obtaining court review, the Federal Rules of Civil Procedure place the burden of seeking court protection

squarely on the party resisting discovery. In this regard, the Rules provide for the suspension of the deposition, and thus an end to the objectionable conduct, while the party resisting discovery seeks court protection. Fed.R.Civ.P. 30(d)(3). Republic's assertion that it can unilaterally refuse to answer questions and then require Plaintiff to obtain a court order directing the deponent to answer is the exact opposite of what the Federal Rules of Civil Procedure clearly require.

### (C) Consideration of the Merits of Republic's Objections to Plaintiff's Deposition Questions

Having determined that Republic violated Fed.R.Civ.P. 30(d)(1) by instructing the witness not to answer, the court must next consider whether Republic should be heard on the merits of its objections or whether its improper conduct and failure to seek court protection precludes such consideration.

Consideration of the merits of Republic's objections places Plaintiffs in precisely the position that the Rules were designed to avoid. By instructing the witness not to answer, Republic has forced Plaintiffs to seek court intervention in order to receive responses which the Rules provide should have been provided subject to Republic's objections. Fed.R.Civ.P. 30(c). However, Plaintiffs have not requested that the court refuse to consider Republics' objections. The court will, therefore, consider Republic's objections but will confine its review to whether Republic has shown that the deposition was conducted in bad faith or in such manner as unreasonably to annoy, embarrass or oppress the deponent or party. Fed.R.Civ.P. 30(d)(3).

### (D) Republic's Objections to Specific Questions and Plaintiffs' Attorney's Conduct in General

■ Republic made the following objections to questions posed by Plaintiff's attorney: "compound in nature;" "extremely argumentative;" "misstates the facts in evidence;" "badgered and harassed the witness;" "misleading;" and concerned "irrelevant issues." [Dkt. 19, p. 9–11]. Other than the allegation of badgering and ha-

rassing the witness, these evidentiary objections do not rise to the showing of bad faith, unreasonable annoyance, embarrassment or oppression required by Rule 30(d)(3). Therefore when Mr. Moseley's deposition is re-commenced, such deposition questions are to be answered subject to evidentiary objections as provided in Rule 30(c).

■ To address Republic's allegations about badgering and harassing the witness and the general conduct of Plaintiff's attorney, Mr. Atkinson, the court has reviewed the video tape of the deposition in its entirety. The court finds that Mr. Atkinson did not conduct himself in a rude, harassing, unprofessional or abusive manner. Nor did Mr. Atkinson yell at the witness as claimed by Republic.[3] While Mr. Atkinson was persistent in attempting to obtain what he viewed to be responsive answers to the questions posed, Republic's characterization of his conduct is simply inaccurate.

The court finds that Republic has failed to meet its burden under Rule 30(d)(3) to show that the deposition was conducted in bad faith or in such manner as unreasonably to annoy, embarrass or oppress the deponent or a party. Pursuant to the liberal discovery afforded under Rule 26(b)(1), the court GRANTS Plaintiff's Motion to Compel in its entirety.

### III. Plaintiffs' Request for Sanctions Against Republic and Republic's Attorney to Deter Future Misconduct

■ Sanctions are not available under Fed.R.Civ.P. 37(b)(2) because Republic and its attorney have not violated any prior order of the court. Plaintiff has provided no applicable authority or argument establishing a basis for the requested sanctions and they are, therefore, DENIED.

### IV. Plaintiffs' Request for Reasonable Costs and Attorneys Fees Incurred in Bringing the Motion to Compel

■ The question of an award of reasonable expenses, including attorneys fees is

governed by Rule 37(a)(4)(A), which provides:

> If the motion [compelling discovery] is granted ... the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4)(A).

Republic argues that an award of fees and expenses should not be made under this Rule because Plaintiff filed the motion without making a good faith effort to obtain the discovery without court action. Republic asserts that Plaintiffs' representation of compliance with the N.D. LR 37.1 requirement of a personal meeting to resolve discovery disputes was a "blatant misrepresentation to this court" because no post deposition conference between counsel was had. Plaintiffs' representation concerning compliance with N.D. LR 37.1, found in footnote 1 of its motion, states: "Counsel for the Plaintiffs and Counsel for the Defendant personally conferred in person and on the record regarding the deposition questions at issue in this Motion, but were unable to resolve the discovery disputes addressed herein." [Dkt. 14].

From Plaintiffs' statement it is unclear whether a post deposition conference was held, or whether the only discussions were those which occurred on the record during the deposition. Republic acknowledged this ambiguity in footnote 2 of its response. [Dkt. 19]. Despite acknowledging the ambiguity, Republic characterized Plaintiffs'

---

**3.** Counsel do not serve their clients' interests or their professional reputations by such inaccurate allegations.

statement as a: "blatant misrepresentation to this court." [Dkt. 19, p. 4]. Republic's rhetoric of a "blatant misrepresentation" is unnecessary and unhelpful.

In light of Plaintiffs' efforts to obtain the discovery sought to be compelled in this motion during the deposition, and in light of statements by Republic's attorney that the discovery would not be allowed without court intervention, the court cannot conclude that Plaintiff failed to make a good faith effort to obtain the discovery without court action. Therefore, the court finds that the reasonable expenses incurred in making the motion, including attorney's fees, are available under Fed.R.Civ.P. 37(a)(4)(A).[4]

The parties are directed to confer concerning the amount of reasonable expenses, including attorney's fees, incurred by Plaintiffs in bringing their motion. If the parties are unable to agree as to an appropriate amount of such award, then on or before October 15, 1999, Plaintiffs are to file a statement with specific documentation supporting the amount requested. Republic shall have until November 1, 1999, in which to file specific objections precisely detailing the objectionable expenses and fees and stating the basis for each objection.

## V. Plaintiff's Request For Order Directing Counsel for Republic to Cease Obstructionist Tactics

The Federal Rules of Civil Procedure provide clear guidance for the appropriate conduct of depositions. The Rules are understandable without need of judicial gloss. Adherence to those Rules will prevent obstructionist tactics from occurring during depositions. The undersigned's general views concerning deposition conduct are set forth in *Damaj v. Farmers Insurance Company, Inc.*, 164 F.R.D. 559 (N.D.Okla.1995). No further order should be required on this topic.

## VI. Conclusion

Plaintiffs' Motion to Compel Answers to Certified Deposition Questions, and Motion for Costs, Attorney's Fees and Sanctions [Dkt. 14] is GRANTED in part and DENIED in part as set out herein.

---

4. The court concludes that Republic's position in instructing the deponent not to answer was directly contrary to the express provisions of the Federal Rules of Civil Procedure and therefore not substantially justified. Other circumstances do not make the award of reasonable expenses, including attorney's fees, unjust.